UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKLIN BOCCIO and JOEL BOCCIO,
    Plaintiffs,
-vs-

Case No. 8:09-cv-475-T-24-EAJ

UNITED STATES OF AMERICA,
    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's motion to dismiss Count II, Plaintiff Joel Boccio's claim for loss of consortium. (Doc. 9.) Plaintiffs Jacklin and Joel Boccio have filed a response in opposition to the motion. (Doc. 12.)

**BACKGROUND**

Jennifer Sullivan is an employee of the United States Postal Service ("USPS") who delivers mail to Plaintiffs' home. On January 19, 2007, Ms. Sullivan sounded her horn outside of Plaintiffs' home to summon Ms. Boccio to her mail carrier. When Ms. Boccio arrived at the carrier, she saw that Ms. Sullivan had placed two packages on the trunk. While Ms. Boccio was retrieving the packages, the mail carrier rolled backward into her, resulting in injuries to her back, legs, and right hip.

On February 28, 2007, Ms. Boccio's attorneys sent a letter to the USPS identifying themselves as attorneys for "Our Client: Jacklin Boccio" in the matter involving the accident with Ms. Sullivan's mail carrier. Subsequently, on October 18, 2007, Jacklin Boccio's attorneys filed an administrative claim on her behalf, using a Standard Form 95 ("SF-95"). They attached

with the claim a cover letter to the USPS explaining that the administrative claim filing for Ms. Boccio was enclosed. (Pl. Ex. A.) The form was later amended on April 10, 2008. (Pl. Ex. B.) The Amended SF-95 Form stated that Ms. Boccio was claiming $5 million for injuries to her hip, legs, and spine. The final Amended SF-95 form, like the original form, listed Jacklin Boccio as the claimant, was signed on Ms. Boccio's behalf by her attorney, and was submitted along with a copy of the contingency fee agreement between Ms. Boccio and her attorney. Both of the SF-95 Forms indicated that Ms. Boccio was married, but neither identified Joel Boccio by name. Similarly, neither the letters sent to the USPS, nor the contingency fee agreement attached to the SF-95 Forms, referenced Mr. Boccio.

The USPS failed to resolve Jacklin Boccio's claim within six months, constituting an effective denial by the agency of the claim. On March 16, 2009, Plaintiffs Jacklin and Joel Boccio filed the present suit against Defendant, the United States, pursuant to the Federal Tort Claims Act ("FTCA"). The two-count Complaint alleged negligence and loss of consortium. Attached to the Complaint were copies of the administrative claims that Ms. Boccio filed with the USPS.

Count I of the Complaint alleges that Defendant United States is liable for damages incurred by Ms. Boccio, which were caused by the negligence of an employee and/or agent of the USPS, Jennifer Sullivan. Plaintiffs claim that, as a result of Ms. Sullivan's negligence, Jacklin Boccio suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, and loss of the ability to earn money, all of which will continue into the future. Count II alleges that, as a result of the injuries sustained by Jacklin Boccio, Joel Boccio has lost the companionship, contribution, and services of his wife.

2

On May 15, 2009, Defendant filed a motion to dismiss Mr. Boccio's loss of consortium claim for lack of subject matter jurisdiction. (Doc. 9.)

**DISCUSSION**

The United States may only be sued by its consent and on its own terms. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Under the FTCA, the United States consents to be sued civilly in federal district court for injuries caused by the negligent or wrongful acts or omissions of government employees acting within the scope of their office or employment, 28 U.S.C. § 1346(b), but only if, prior to filing suit, the plaintiff properly presents the claim to the appropriate federal agency, and the agency rejects the claim. 28 U.S.C. § 2675(a).

A claimant can properly present a claim to the appropriate federal agency, as required by § 2675(a), by 1) providing the appropriate agency sufficient written notice of the tort claim to enable the agency to investigate it, and 2) stating a sum certain as to the value of the claim. *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). Often, this is done by sending a complete SF-95 Form or other written notification regarding the incident, executed by the claimant or his agent, to the appropriate federal agency. 28 C.F.R. § 14.2; *but see Tidd v. United States*, 786 F.2d 1565, 1570 (11th Cir. 1986) (holding that providing incomplete or insufficient information on the SF-95 form can constitute a failure to fulfill the notice requirement of § 2675(a)). Then, the claimant must wait until the administrative agency denies the claim, or until six months after the claim is filed, when the claim will be considered constructively denied, before he can initiate a suit in a federal court. 28 U.S.C. § 2675(a).

Providing sufficient written notice of a claim with the federal agency, as required by § 2675(a), is a jurisdictional prerequisite to maintaining an FTCA action; without it, a district court lacks subject-matter jurisdiction to hear the claim. *Tidd*, 786 F.2d at 1567–70. A court must

3

dismiss an action when it becomes apparent that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Thus, for this Court to have subject-matter jurisdiction over Mr. Boccio's loss of consortium claim, he must have provided sufficient written notice of his claim to the USPS to allow the USPS to investigate it. Plaintiffs assert that, while the loss of consortium claim was not specifically stated, nor was Joel Boccio listed as a claimant, on the SF-95 Forms filed with the USPS, the forms provided sufficient notice to allow the USPS to investigate the claim, because 1) they stated that Ms. Boccio was married, 2) the Amended SF-95 Form stated the amount of the claim as $5 million, which is the aggregate sum of Plaintiffs' two federal-court claims, and 3) the loss of consortium is a derivative claim of Ms. Boccio's claim, which was properly noticed by the SF-95 Forms.

In filing a claim with a federal agency, a claimant does not necessarily have to provide a preview of his or her lawsuit by reciting every possible theory of recovery or every factual detail that may be relevant. *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999). It is sufficient that the theory or theories put forward in the complaint filed in the district court be based on the facts that are stated in the administrative claim. *Id.* at 1256. However, this does not mean that other potential *claimants* need not file their own agency claims simply because their injuries are derived from the same set of facts.

In *Turner v. United States*, 514 F.3d 1194 (11th Cir. 2008), the Eleventh Circuit held that an administrative claim filed on behalf of a minor child for injuries sustained by the negligent acts of a government worker did not satisfy the jurisdictional requirements of the FTCA for his parents' claims derived therefrom, even though the minor's claim stated that his parents had suffered damages, because the minor's claim did not list the parents as claimants, nor did it state

4

a sum certain for their damages. *Id.* at 1200–02. The *Turner* court acknowledged that an aggregate sum listed on a single SF-95 Form can sometimes fulfill the jurisdictional requirement of multiple claimants, but only under certain circumstances, such as where each claimant is listed individually on the form qua claimant. *Id.* at 1201. This rule is an elaboration, but not a deviation from the principle that "[t]he FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government," *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (emphasis in original). Thus, in multiple-claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper administrative claim. *Turner*, 514 F. 3d at 1200.

In *Walker v. United States*, 471 F. Supp. 38, 42 (M.D. Fla. 1978), *aff'd*, 597 F.2d 770 (5th Cir. 1979), Julian Walker had submitted an administrative claim against the DEA pursuant to § 2675(a) requirements. *Id.* at 42. One of the items of injury listed on his administrative claim was "loss of consortium." *Id.* His wife, Geraldine Walker, was not named as a claimant on the filing, nor did she sign it. *Id.* However, once the required statutory waiting period passed, Mr. and Mrs. Walker attempted to bring the claim jointly in the suit filed in the Middle District of Florida. *Id.* at 41. The Walkers contended that because 1) loss of consortium was a derivative claim of the principal claim properly filed by Mr. Walker, and 2) Mr. Walker claimed "loss of consortium" as an item of injury on his administrative form, the requirements of § 2675(a) had been met for bringing Mrs. Walker's federal claim. *Id.* at 42. However, because Mrs. Walker failed to file an individual administrative claim, the district court ruled that she had not met the jurisdictional requirements under the FTCA and, therefore, the court had no jurisdiction over her claim and was forced to dismiss it. *Id.* The court reinforced the principle that "one person cannot file a prerequisite administrative tort claim for another person." *Id.*

5

Persons attempting to bring claims against the United States in federal court pursuant to the FTCA must first actually and expressly appear as claimants in the administrative claims filed with the relevant agencies in order to vest federal courts with the jurisdiction to hear their claims. Mr. Boccio failed to appear as a claimant in the administrative claim filed with the USPS. This Court, therefore, has no subject-matter jurisdiction over his claim and must dismiss it accordingly.

## CONCLUSION

Therefore, it is ORDERED and ADJUDGED that Defendant's motion to dismiss is GRANTED. Count II is effectively dismissed without prejudice for lack of subject-matter jurisdiction, and the Clerk is directed to terminate Joel Boccio as a party to this case.

DONE AND ORDERED this 22nd day of June, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record