UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKLIN BOCCIO,

    Plaintiff,

v.                                                Case No.: 8:09-cv-00475-T-24-EAJ

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING
WITHOUT PREJUDICE
MOTIONS IN LIMINE**

       The Court now considers two motions in limine filed by the United States (Docs. 40, 41), as well as Plaintiff Jacklin Boccio's responses in opposition. (Docs. 45, 50).

       In the first motion, the United States moves to exclude the testimony of Boccio's two treating physicians, Dr. Nuccio and Dr. Moreno, whom Boccio listed in the Pretrial Statement as expert witnesses. The United States argues that their testimony is irrelevant based on counsel's statements at the Pretrial Conference, which the United States argues constitute judicial admissions to which Boccio should be bound. The Court does not agree that Boccio should be inflexibly bound by counsel's statements under these circumstances. Therefore, the Court will not exclude the physicians' testimony based on this argument. However, the Court will consider objections at trial that the testimony is not relevant.

       The treating physicians may testify about their treatment of Boccio as permitted under Rule 701 of the Federal Rules of Evidence. But the physicians may not testify as expert

1

witnesses under Rule 702 because Boccio failed to provide timely expert reports as required by this Court's Case Management Report (Doc. 17) and Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

In the second motion, the United States asks the Court to exclude evidence of disciplinary action taken by the United States against the postal carrier involved in the automobile accident at issue in this case. Boccio included a letter of discipline against the carrier in the Pretrial Joint Exhibit List, subject to the United States' objection. The United States argues that Rule 407 of the Federal Rules of Evidence makes evidence of disciplinary action inadmissible as a subsequent remedial action "that, if taken previously, would have made the injury or harm less likely to occur." The Court will not exclude the evidence at this time. But the Court will reconsider the issue at trial, including the evidence's relevance and admissibility under Rule 403, and, if necessary, will determine what weight, if any, to give this evidence in its Findings of Fact & Conclusions of Law.

Therefore, the Court orders that:

(1) The United States' Motion in Limine to Exclude Testimony of Treating Physicians and Other Evidence as Irrelevant is **DENIED WITHOUT PREJUDICE**. The United States may raise objections to the relevance of the testimony at trial. The physicians, Dr. Moreno and Dr. Nuccio, may testify as treating physicians, but not as expert witnesses.

(2) The United States' Motion in Limine to Exclude Evidence of Subsequent Remedial Measures is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Done in Tampa, Florida on May 27, 2010.

SUSAN C. BUCKLEW
United States District Judge